**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Danton LONG, Defendant-Appellant.**

**No. 73–1954**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.
Sept. 13, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Tom A. Edenfield, Savannah, Ga., Court-appointed for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., Lamar C. Walter, Asst. U. S. Atty., Savannah, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Appellant Long was convicted by a jury of knowingly making a false and fictitious statement in connection with the acquisition of a shotgun from a licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6), 924(a). Appellant stated in connection with the acquisition that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year. At the time of the acquisition, however, appellant was on parole under a twenty-year sentence for a prior conviction. Appellant claims several errors in his conviction in the district court. After a careful review of the record, we are convinced that the district court committed no reversible error and we affirm the judgment of conviction.

The record affirmatively shows that the shotgun was purchased from a licensed firearms dealer holding federal firearms license No. 58–3536 and that the false statement made by appellant was on an approved firearms transaction record, Form 4473. *See* 26 C.F.R. § 178.124 (1972). Admission of testimony concerning appellant's subsequent purchase of a revolver was proper because it was used for impeachment purposes. There was no reversible error when, on cross-examination of appellant, the district court ruled out a question concerning an alleged threat by appellant against his mother and sister. Evidence concerning appellant's prior conviction and parole status was properly introduced and was admissible to show that one of the conditions of appellant's parole was that he not own firearms. Finally, there was no merit to appellant's motion for a new trial.

Affirmed.